**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LAURA FIELDEN, individually and on behalf of her minor child, L.F.-C.,

Plaintiffs,

v.

MICHAEL R. POMPEO, in his official capacity as Secretary of State, *et al.*,

Defendants.

Civ. No. 1:20-cv-00409-EGS

**PLAINTIFFS' MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ....................................................................................................1

FACTUAL BACKGROUND....................................................................................3

STANDARD OF REVIEW .......................................................................................6

ARGUMENT...........................................................................................................6

I. L. IS ENTITLED TO CITIZENSHIP UNDER SECTION 1401(g). ..............................7

A. The Undisputed Facts Show That Plaintiffs Meet The Requirements Of Section 1401(g). ....................................................................7

B. The DoS Defendants Import A Biological Relationship Requirement Where None Exists In The Law. ................................................................8

II. THE UNDISPUTED FACTS SHOW THAT L. IS ENTITLED TO CITIZENSHIP UNDER SECTION 1433.........................................................................10

A. The Undisputed Facts Show That Plaintiffs Meet The Requirements Of Section 1433..........................................................................10

B. The USCIS Defendants Import A Biological Relationship Requirement Where None Exists In The Law. ..........................................................11

CONCLUSION.......................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bioscience, Inc. v. Thompson*,
269 F.3d 1077 (D.C. Cir. 2001) ........................................ 6

*Int'l Swaps & Derivatives Ass'n v. CFTC*,
887 F. Supp. 2d 259 (D.D.C. 2012) ........................................ 6

*Kiviti v. Pompeo*,
No. 8:19-cv-02665-TDC, 2020 WL 3268221 (D. Md. June 17, 2020), *appeal docketed*, No. 20-1882 (4th Cir. Aug. 14, 2020) ........................................ 9, 10

*Mize v. Pompeo*,
No. 19-CV-03331, 2020 WL 5059253 (N.D. Ga. Aug. 27, 2020) ........................................ 9, 10

**Statutes**

5 U.S.C. § 706(2)(A) ........................................ 6

8 U.S.C. § 1401(c) ........................................ 9

8 U.S.C. § 1401(g) ........................................ 8

8 U.S.C. § 1433 ........................................ 11

**Other Authorities**

12 USCIS Policy Manual at pt. H, ch. 2 ........................................ 12

D.D.C. Local Civ. R. 7(n)(1) ........................................ 7

**INTRODUCTION**

On February 12, 2020, six-year-old L.F.-C. ("L.") and her U.S. citizen mother, Laura Fielden ("Fielden") (collectively, "Plaintiffs"), brought suit against the federal agencies that had denied L.'s applications for a Consular Report of Birth Abroad and U.S. citizenship based on a biological relationship requirement that does not exist in the law.[1] Dkt. 1. Plaintiffs' Complaint contains three causes of action: violations of the Administrative Procedure Act ("APA") (Counts I and II), violations of the Due Process Clause of the Fifth Amendment to the U.S. Constitution (Counts III and IV), and violations of the equal protection guarantee of the Due Process Clause (Counts V and VI). On May 15, 2020, Defendants moved to dismiss the Complaint, arguing that Defendants properly interpreted and applied the law, there is no fundamental constitutional right to U.S. citizenship when a child is born abroad, and the government's policies survive rational basis review. Dkt. 14. Plaintiffs opposed that motion on June 12, 2020, Dkt. 15; briefing concluded with Defendants filing their reply on June 30, 2020, Dkt. 19; and the motion to dismiss remains pending.

The completion of briefing on the motion to dismiss has revealed, however, that not only should the Court deny the government's dismissal request; it also should affirmatively enter final judgment for Plaintiffs with respect to Counts I and II of their Complaint. Counts I and II assert APA claims with no disputes of fact, no need for discovery, and no valid defenses that the

[1] "Defendants" include Michael R. Pompeo, in his official capacity as Secretary of State; Department of State ("DoS") (collectively, "DoS Defendants"); Chad F. Wolf, in his official capacity as Acting Secretary of the U.S. Department of Homeland Security; the U.S. Department of Homeland Security; Kenneth T. Cuccinelli II, in his official capacity as Acting Director of U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services ("USCIS"); Barbara Q. Velarde, in her official capacity as Chief of USCIS Administrative Appeals Office; and USCIS Administrative Appeals Office ("AAO") (collectively, "USCIS Defendants"); and William P. Barr, in his official capacity as U.S. Attorney General (collectively, with the DoS Defendants and USCIS Defendants, "Defendants").

government could assert as a matter of law. Indeed, based on the arguments the parties advanced during briefing on the motion to dismiss, there is no question that L. was "born . . . of" Fielden and thus acquired U.S. citizenship at the time of her birth, under the Immigration and Nationality Act ("INA"). Accordingly, there is no reason for the Court to decide Defendants' motion to dismiss standing alone, only to then have to address the very same legal issues on summary judgment at a later date. To best promote the interests of judicial efficiency, the Court instead should rule on the dispositive legal question now—by denying Defendants' motion to dismiss and simultaneously entering summary judgment for Plaintiffs on their APA claims. To effectuate this result, Plaintiffs therefore bring this motion for partial summary judgment and respectfully request judgment in their favor on Counts I and II of the Complaint.

* * *

Plaintiff L. has two moms: One mother is a U.S. citizen; the other is not. L. has repeatedly sought her rightful U.S. citizenship, only to be denied because she has two mothers. L.'s fraught path seeking U.S. citizenship began in 2014, when she applied for a Consular Report of Birth Abroad ("CRBA"). Though L. qualifies for U.S. birthright citizenship based on the requirements enumerated in the INA, DoS denied L.'s application. Rather than assess L.'s application under the INA, DoS relied on an informal agency policy that requires a biological relationship between L. and Fielden, a requirement that does not appear in the law. DoS then suggested that in lieu of seeking birthright citizenship, Plaintiffs could apply for L.'s naturalization through USCIS. Fielden and L. followed that recommendation, only to be denied by USCIS and dismissed by the Administrative Appeals Office for the same reason. After years of being passed from one agency to another and having the relief they sought denied at every juncture, Fielden and L. brought this suit.

The salient facts for purposes of this Motion are undisputed. It is undisputed that L. was born in Spain during the legally valid marriage of Fielden and her wife, María Calle Suarez ("Calle"). It is undisputed that Fielden is, and always has been, L.'s legal parent. It is undisputed that Fielden is a United States citizen, and resided in the United States for 28 years, 14 of which were after she attained the age of 14. And, it is undisputed that L. resides in Spain in the legal custody of Fielden, and has not yet reached the age of 18. As such, L. meets the requirements for citizenship under both Sections 1401(g) and 1433 of the INA.

The only disputes between the parties are legal questions: (1) whether the words "born . . . of" in Section 1401(g) implicitly require a biological relationship between a U.S. citizen parent and child for the parent to transmit U.S. citizenship to the child; and (2) whether the word "child" in Section 1433 implicitly requires a biological relationship between a U.S. citizen parent and child for the parent to transmit U.S. citizenship to the child. They do not. The statute makes no reference to a biological relationship under Sections 1401(g) or 1433. And at least seven courts—including this Court—have found that the language "born . . . of" does not imply such a requirement. Two of those decisions have been handed down in the two months since Plaintiffs opposed Defendants' motion to dismiss, and not a single court has held otherwise. Defendants' flawed interpretation and resulting actions are arbitrary, capricious, and not in accordance with the law. The Court should grant summary judgment to Plaintiffs on their APA claims.

## FACTUAL BACKGROUND

Fielden is a U.S. citizen who was born and raised in the United States, and who lived in the United States for more than 28 years, 14 of which were after she attained the age of 14. Statement of Material Facts as to Which There is No Genuine Issue ("SMF") ¶¶ 1, 3-5. Fielden, who is female, married Calle, who is also female, in Spain in 2011. *Id.* ¶¶ 2, 6-7. Fielden and Calle (who is a Spanish citizen, and not a U.S. citizen) continued to reside in Spain. *Id.* ¶¶ 8-9.

Fielden and Calle's marriage in Spain is also legally recognized in the United States. *Id.* ¶¶ 58-60.

After they married, Fielden and Calle executed a contractual agreement with a fertility clinic in which they memorialized their intent to jointly parent any child ensuing from their use of assisted reproductive technology. *Id.* ¶¶ 10-11. Calle became pregnant with L. using her egg and an anonymous donor's sperm, making Calle a genetic and gestational parent. *Id.* ¶ 12. Calle gave birth to L. in Spain in November 2013. *Id.* ¶ 13. Fielden and Calle are both listed as parents on L.'s birth certificate. *Id.* ¶ 15. Fielden and Calle both are L.'s legal parents and retain all of the rights, privileges, and responsibilities associated with legal parentage, and both have acted as L.'s parents at all times since her birth. *Id.* ¶¶ 14, 16-18.

In 2014, Fielden applied for L.'s U.S. citizenship under Section 1401(g) of the INA by submitting an application for a CRBA to DoS. *Id.* ¶ 19. DoS denied L.'s application on the purported basis that L. did not qualify for U.S. citizenship under Section 1401(g). *Id.* ¶ 20. DoS asserted that for a U.S. citizen parent to transmit citizenship to a child born abroad, "the U.S. citizen [parent] must establish a biological relationship with the child," and held that Fielden and L. could not satisfy that biological relationship requirement. *Id.* ¶¶ 21-22. DoS thus concluded, "your daughter was unfortunately not born as a U.S. citizen," and denied Plaintiffs' application for L.'s CRBA. *Id.* ¶ 23.

In support of its decision, DoS enclosed what it described as "a copy of the Section of the Law that refers to this [biological relationship requirement]." *Id.* ¶ 23. There is no section of the INA, however, that requires a biological relationship between a U.S. citizen parent and a child born in wedlock. Indeed, the document that DoS enclosed was labeled "Section 309," which applies only to children born *out of* wedlock. *Id.* ¶¶ 24, 25. And, that enclosure did not include

the text of the INA.[2] *Id*. DoS then advised that Fielden could "consider applying for [L.]'s naturalization through [USCIS], via the Child Citizenship Act of 2000, or through the normal immigrant visa process," and referred Plaintiffs to www.USCIS.gov for more information. *Id*. ¶ 29.

Following DoS's advice, Plaintiffs next applied to USCIS for L.'s Certificate of Citizenship under INA Section 1433, by submitting a Form N-600K in June 2015. *Id*. ¶ 30. Over a year later, in November 2016, USCIS issued a Notice of Intent to Deny ("NOID") the application. *Id*. ¶ 31. USCIS explained its intent to deny L. citizenship because (1) USCIS held that L. does not meet the definition of a "genetic child," who "shares genetic material with his or her parent"; and (2) Fielden is not, alternatively, a "non-genetic gestational mother," who "carrie[d] and [gave] birth to the child." *Id*. ¶ 34. Over the next three years, USCIS repeatedly conceded that Fielden is L.'s legal parent but reiterated its intent to deny, and ultimately denied, Plaintiffs' Form N-600K on the basis that L. and Fielden purportedly must be biologically related for L. to become a naturalized U.S. citizen.[3] *Id*. ¶¶ 36-39, 42-44, 47-49. After attempting in vain to rebut this argument in responses to USCIS's various NOIDs, Plaintiffs appealed USCIS's denial of Plaintiffs' N-600K to the Administrative Appeals Office ("AAO") at USCIS in 2017. *Id*. ¶¶ 35, 40-41, 45-46, 50-51. The AAO dismissed Plaintiffs' appeal in late 2019, nearly two years after Plaintiffs filed the appeal. *Id*. ¶¶ 56-57. After many years of delay by

---

[2] While the document was labeled as "Section 309," the contents were neither the statutory language of Section 1409, nor Section 1401, the applicable Section of the INA. *Id*. ¶¶ 26-27.

[3] USCIS rejected Plaintiffs' position that because Fielden induced lactation and breastfed L., they are biologically-related. Compl. Ex. 6, at 7 n. 10. USCIS recognizes only mother-child relationships that hinge on ova or gestation as "biological" or "genetic," and "does not recognize breastfeeding as a means to establish a genetic or biological connection for immigration purposes." Compl. Ex. 10, at 3. Thus, Plaintiffs' references to not being "biologically" or "genetically" related assume Defendants' limited definition, for purposes of this Memorandum only.

Defendants, and their denial of L.'s applications for a CRBA and Certificate of Citizenship based on repeated references to inapplicable sections of federal law and reliance upon informal department policies, Fielden and L. brought suit.

On May 15, 2020, Defendants moved to dismiss Plaintiffs' Complaint. Defs.' Mot. to Dismiss (Dkt. 14). Plaintiffs opposed Defendants' Motion to Dismiss on the basis that Plaintiffs' Complaint had adequately alleged all claims made, including the APA claims on which Plaintiffs now move for summary judgment. Pls.' Opp'n to Defs.' Mot. to Dismiss (Dkt. 15) (attached hereto as Exhibit A). As noted above, that motion is pending before this Court. Defendants' Motion to Dismiss made clear that on Plaintiffs' APA claims (Count I, against DoS Defendants; and Count II, against USCIS Defendants), the only disputes between the parties are whether the language "born . . . of" or "child" in the INA necessarily requires a biological connection.

## STANDARD OF REVIEW

A court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The entire case on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (internal quotation marks omitted). Summary judgment in a suit under the APA thus "serves as a mechanism for deciding, as a matter of law, whether the administrative record supports the agency action and whether the agency action is consistent with the APA standard of review." *Int'l Swaps & Derivatives Ass'n v. CFTC*, 887 F. Supp. 2d 259, 266 (D.D.C. 2012).

## ARGUMENT

The undisputed facts in this case show that L. meets the requirements for citizenship under Sections 1401(g) and 1433 of the INA, and that Defendants' interpretation of the

requirements for those statutes is unquestionably wrong as a matter of law. Moreover, the plain text of the INA makes clear that Defendants' denials of L.'s citizenship based on interpretations of the INA in the FAM and USCIS Policy Manual were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and fail APA review.

Many of these issues have already been addressed in connection with Defendants' motion to dismiss, which remains pending as of the date of this filing. To avoid burdening the Court with additional briefing, Plaintiffs incorporate by reference all arguments in support of their APA claims from their June 12, 2020 Opposition to Defendants' Motion to Dismiss ("Opposition"). *See* Dkt. 15 at 11-30, and summarize their principal arguments below with citations to the relevant portions of that prior brief. Plaintiffs also address new authorities—issued since briefing on the motion to dismiss—that continue to support Plaintiffs' position. These arguments and authorities, when combined with the undisputed material facts, demonstrate that Plaintiffs are entitled to partial summary judgment on the APA claims in Counts I and II of their Complaint.[4]

## I. L. IS ENTITLED TO CITIZENSHIP UNDER SECTION 1401(g).

### A. The Undisputed Facts Show That Plaintiffs Meet The Requirements Of Section 1401(g).

Section 1401(g) of the INA provides birthright U.S. citizenship to children born outside the United States "of parents one of whom is an alien, and the other a citizen of the United States

---

[4] Plaintiffs hereby renew their request that Defendants produce the administrative record to Plaintiffs. As described in Plaintiffs' Opposition at 17 n.10, pursuant to Local Rule 7(n)(1), "[i]n cases involving the judicial review of administrative agency actions," like this one, "unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." D.D.C. LCvR 7(n)(1). Defendants filed their dispositive motion to dismiss on May 15, 2020, but have not filed the required index or produced the administrative record to Plaintiffs and refused to do so upon Plaintiffs' request.

who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(g). That describes Plaintiff L.

It is undisputed that Fielden and Calle were legally married in Spain. SMF ¶¶ 6, 58-60. It is undisputed that L. was born, and that she was in Spain during that legally valid marriage. *Id.* ¶¶ 10-13, 16. It is undisputed that Fielden is L.'s legal parent, and has acted as L.'s parent at all times since her birth. *Id*. ¶¶ 14, 17-18. It is undisputed that Fielden is a United States citizen. *Id*. ¶ 1. And, it is undisputed that Fielden resided in the United States for 28 years, 14 of which were after she attained the age of 14. *Id*. ¶¶ 4-5. As such, it is undisputed that L. meets the requirements for citizenship under Section 1401(g) of the INA.

### B. The DoS Defendants Import A Biological Relationship Requirement Where None Exists In The Law.

Even though Plaintiffs satisfy all of the requirements of Section 1401(g), DoS Defendants have denied L. citizenship on the grounds that the statute purportedly requires a biological relationship between the U.S. citizen parent and child in order for the child to qualify for birthright citizenship. As a matter of law, that is wrong. For the reasons set forth in Plaintiffs' Opposition at 17-24, there is no basis in the statutory text, legislative history, or case law to find that Section 1401(g) requires a biological relationship, nor is there any basis to defer to DoS's interpretation, *id*. at 27-30.

Moreover, in the weeks since Plaintiffs filed their Opposition, two District Courts have rejected the very same misconstruction of "born . . . of" in Section 1401(c) that DoS argues for

here.[5] These decisions join the weight of the authority: at least seven courts have held Section 1401 does not require a biological relationship, and no court has expressed the contrary view. *Mize v. Pompeo*, No. 19-CV-03331, 2020 WL 5059253, at *14 (N.D. Ga. Aug. 27, 2020) (collecting cases).

In *Kiviti v. Pompeo*, DoS had denied birthright citizenship to a child with same-sex U.S. citizen parents because the child's only biological parent did not meet Section 1401's residency requirements. No. 8:19-cv-02665-TDC, 2020 WL 3268221, at *3 (D. Md. June 17, 2020), *appeal docketed*, No. 20-1882 (4th Cir. Aug. 14, 2020). The court, however, considered it "clear and unambiguous" from the statutory text that the language "born . . . of" does not limit Section 1401's reach to only "those children who have biological relationships with both of their married parents." *Id.* at *8, *11. As the court noted, DoS's argument that the language "born . . . of" in Section 1401 implies a biological relationship requirement is entirely unpersuasive because "[a] child could fairly be deemed to originate from parents other than through a genetic relationship, such as where two married parents both play a fundamental and instrumental role in the creation of the child, for example by, as here, together planning and supporting the use of surrogacy and [artificial reproduction technology] to bring about the birth of a child to whom they have both committed in advance to be a parent.." *Id.* at *9-10.

*Mize v. Pompeo* presents the same facts as *Kiviti*: DoS had denied birthright citizenship to a child with married, same-sex U.S. citizen parents where the biological parent did not meet the residency requirements and the parent who met the residency requirements did not meet the purported biological requirement. 2020 WL 5059253, at *1. The court had "serious doubts

[5] Section 1401(c) governs citizenship for children born abroad in wedlock to two United States citizen parents, and contains the same "born . . . of" phrase used in Section 1401(g). 8 U.S.C. § 1401(c).

about the constitutionality of a biological parent-child requirement in Section 301(c)" because the reading would "result in a statute that (1) provides a benefit, (2) conditioned on marriage, (3) that is unavailable to certain married same-sex couples." *Id.* at *11. Thus, the court contemplated whether the phrase "born . . . of" could be read to encompass non-biological parent-child relationships, and concluded, like in *Kiviti*, that a child can "originate from"—and thus be "born . . . of"—non-biological parents. *Id.* at *13. This reading, the court found, is further supported by the "common law presumption of legitimacy," the express inclusion of a blood relationship in Section 1409, and the ambiguity of the language "born . . . of." *Id.* at *13-*14; *see also id.* at *14 ("The idea that Congress used a vague, two-letter preposition to implicitly incorporate such a weighty requirement is in tension with the canon that Congress does not 'hide elephants in mouseholes.'").

*Kiviti* and *Mize* thus further confirm Plaintiffs' position and demonstrate why the Court should enter summary judgment for Plaintiffs on their APA claims related to Section 1401(g) of the INA.[6]

## II. THE UNDISPUTED FACTS SHOW THAT L. IS ENTITLED TO CITIZENSHIP UNDER SECTION 1433.

### A. The Undisputed Facts Show That Plaintiffs Meet The Requirements Of Section 1433.

The USCIS Defendants also acted in a manner that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" by improperly importing a biological requirement into Section 1433 of the INA. Section 1433 permits a "child" born abroad who did

[6] *Kiviti* and *Mize* were both resolved under 8 U.S.C. § 1503, and therefore both dismissed plaintiffs' APA claims because an adequate alternative remedy existed. *Kiviti*, 2020 WL 3268221, at *14; *Mize*, 2020 WL 5059253, at *17. For the reasons set forth in Plaintiffs' Opposition at 12-17, Section 1503 does not provide an adequate alternative remedy here and thus, resolution under the APA is appropriate.

not acquire citizenship automatically at birth to become a naturalized citizen so long as at least one parent is a citizen of the United States and meets certain residency requirements. *See* 8 U.S.C. § 1433.

Under the plain text of Section 1433, L. is eligible to become a naturalized U.S. citizen.[7] It is undisputed that L. was born abroad during the legally valid marriage of Fielden and Calle. SMF ¶¶ 13, 16, 58-60. Likewise, L. is under the age of 18 and resides outside the United States in the legal custody of Fielden. *Id.* ¶¶ 9, 13, 14, 17, 18. And as previously discussed, it is undisputed that Fielden is L.'s legal parent and meets the statutory citizenship and residency requirements. *Id.* ¶¶ 1, 4-5, 14, 17-18. Based on the text of Section 1433, USCIS thus should have approved L.'s N-600K application and issued L. a Certificate of Citizenship.

### B. The USCIS Defendants Import A Biological Relationship Requirement Where None Exists In The Law.

Even though Plaintiffs satisfy all of the requirements under Section 1433, the USCIS Defendants denied L. citizenship on the grounds that the statute allegedly requires a biological relationship between the U.S. citizen parent and child for the child to obtain naturalization. As a matter of law, that is wrong (again). For the reasons set forth in Plaintiffs' Opposition at 24-27, there is no basis in the statutory text, legislative history, or case law to find that Section 1433 requires a biological relationship, nor is there any basis to defer to USCIS's interpretation, *id*. at 27-30.

[7] Section 1433 applies to children who did not automatically acquire citizenship at birth. 8 U.S.C. § 1433. Because DoS denied Plaintiffs' application for L.'s CRBA, L. was treated as if she had not acquired U.S. citizenship automatically at birth. SMF ¶ 20. Fielden and Calle vehemently disagreed with DoS's denial of L.'s birthright citizenship under Section 1401(g), but they wanted to obtain L.'s rightful U.S. citizenship, and thus pursued naturalization as DoS suggested.

In fact, the USCIS Defendants, in denying L. her U.S. citizenship, repeatedly ignored the text of the statute and wrongly relied on "policy" that is contrary to law. In dismissing Plaintiffs' appeal of USCIS's denial of L.'s application, the AAO cited "current [USCIS] policy" to argue that L. is not Fielden's child and therefore L. could not obtain naturalization via her mother-daughter relationship to Fielden. SMF ¶ 57. More specifically, USCIS cited to its Policy Manual, which defines "child" as requiring an adoptive, legitimated, genetic, or gestational relationship with a U.S. citizen parent. 12 USCIS Policy Manual at pt. H, ch. 2. But that is simply not what Section 1433 of the INA says. The INA's definition of "child" does not require a genetic or gestational relationship between parent and child. SMF ¶ 71; *see also* Opposition at 24-26. The undisputed facts therefore show that the USCIS Defendants' "policy" interpretation of Section 1433 is also patently unreasonable and contrary to the law, in violation of the APA.

## CONCLUSION

There is no reason to delay an entry of judgment for Plaintiffs on the APA claims in Counts I and II of their Complaint. Briefing on Defendants' motion to dismiss has shown that Defendants' position is wrong as a matter of law and violates the APA. Further, the material facts for Counts I and II are not in dispute. Accordingly, the Court should enter summary judgment as to Plaintiffs' APA claims in their entirety and deny Defendants' motion to dismiss on these same issues.

Dated: August 31, 2020

Respectfully submitted,

By: */s/ Adam K. Levin*

Adam K. Levin (DC Bar No. 460362)
Alicia J. Paller (DC Bar No. 1035545)
Kaitlyn A. Golden (DC Bar No. 1034214)
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
T. (202) 637-5600
F. (202) 637-5910
adam.levin@hoganlovells.com
alicia.paller@hoganlovells.com
kaitlyn.golden@hoganlovells.com

*Counsel for Plaintiffs*
*Laura Fielden and L.F.-C.*