# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Laura Fielden, individually and on behalf of her minor child, L.F.-C., et al.**

     Plaintiff,

v.

**Michael R. Pompeo, in his official capacity as Secretary of State, et al.**

     Defendants.

Case No. 20-cv-409-EGS

### DEFENDANTS' OPPOSITION TO PLAINTIFFS'
### MOTION FOR SUMMARY JUDGMENT

# INTRODUCTION

Plaintiffs filed a *pro forma* motion for partial summary judgment ("MSJ"), requesting that the Court enter judgment for the Plaintiffs in the event the Court denies the pending (and fully briefed) motion to dismiss ("MTD"). The MSJ raises no new legal or factual issues, and thus, for the sake of efficiency, Defendants oppose that motion by incorporating their MTD memoranda, and providing a summary of the relevant facts and Defendants' arguments as to why the Court should deny Plaintiffs' MSJ and grant Defendants' MTD.

In February 2020, Plaintiffs brought suit against the Department of State ("DOS") and U.S. Citizenship and Immigration Services ("USCIS"), claiming that each agency impermissibly refused to acknowledge that Plaintiffs' daughter, L., is a U.S citizen. Plaintiffs claim—inconsistent with centuries of historical practice—that two statutory provisions may implicitly allow for certain persons born abroad to qualify for U.S. citizenship even if they lack a biological relationship with a U.S. citizen parent. Plaintiffs assert claims under the Administrative Procedure Act ("APA"), the due process clause, and the equal protection clause. Defendants moved to dismiss the Complaint in full, and that motion is now ripe for resolution. Although the Court has not resolved the MTD, Plaintiffs filed a motion for partial summary judgment on their APA claims, professing that "there is no reason for the Court to decide Defendants' motion to dismiss standing alone, only to then have to address the very same legal issues on summary judgment." MSJ, at 2. The MSJ raises only legal questions that the parties have already briefed in their MTD memoranda, and thus Plaintiffs largely rely upon (and incorporate) their MTD response. For the reasons set forth herein, and the Government's MTD memoranda, *see* ECF Nos. 14-1, 19, the Court should deny Plaintiffs' MSJ and grant Defendants' MTD.[1]

---

[1] The Court may convert Defendants' MTD into a motion for summary judgment. *See Page v. Mancuso*, 999 F. Supp. 2d 269, 275 (D.D.C. 2013) ("The decision to convert a motion to dismiss into

## BACKGROUND

Plaintiffs all but concede that U.S. nationality law has long reflected the principle that a child born abroad generally must have a biological relationship with a U.S. citizen parent to qualify for U.S. citizenship. *See* MTD, at 13-14; MSJ, Ex. 22 at 1 ("We do not deny that '[t]he laws on acquisition of U.S. citizenship through a parent have always contemplated the existence of a blood relationship between the child and parent.'"). The Citizenship Clause of the Fourteenth Amendment does not confer citizenship at birth on any persons born outside the territorial United States. Instead, U.S. citizenship may be conferred upon those born abroad solely pursuant to statute. *See* MTD, at 4. Current U.S. law concerning citizenship for those born abroad is found in the Immigration and Nationality Act ("INA"). Two INA provisions are relevant here. First, 8 U.S.C. § 1401(g) states that a person "shall be" considered a "national[] and citizen[] of the United States at birth" if she was "born outside the geographical limits of the United States . . . of parents one of whom is an alien, and the other a citizen of the United States who" satisfies the enumerated U.S. residency requirement.

Second, 8 U.S.C. § 1433(a)—instituted by the Child Citizenship Act of 2000—allows a parent to "apply for naturalization on behalf of a child born outside of the United States" if certain conditions are met, including that "[t]he child is temporarily present in the United States pursuant to a lawful admission and is maintaining such lawful status." The INA defines "child" for purposes of section 1433 to generally include "a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile and "a child adopted in the United States, if . . . the child is in legal custody of the legitimating or adopting parent or parents at the time of such legitimation

_____

a motion for summary judgment . . . is committed to the sound discretion of the trial court."). Converting Defendants' MTD into a motion for summary judgment may especially be appropriate here since there is little dispute over the material facts, and thus the "issues involved are discrete legal issues." *Highland Renovation Corp. v. Hanover Ins. Grp.*, 620 F. Supp. 2d 79, 82 (D.D.C. 2009).

or adoption." 8 U.S.C. § 1101(c)(1). Neither section 1401(g) nor section 1433(a) expressly states that a child born abroad may qualify for U.S. citizenship if she has only a *legal*, but not a biological, relationship with a U.S. citizen parent.

Both DOS and USCIS administer relevant INA citizenship provisions, with DOS responsible for citizenship determinations for individuals located abroad, and USCIS responsible for these determinations for those within the United States. *See* MTD, at 6. DOS may make a citizenship determination, for example, when a parent of a child born abroad applies for a Consular Report of Birth Abroad of a Citizen of the United States ("CRBA"), a document which serves "as proof of [U.S.] citizenship." 22 U.S.C. § 2705. The DOS Foreign Affairs Manual ("FAM") lays out how its consular officers must interpret section 1401(g) when evaluating CRBA applications, and notes that, consistent with historical practice, the child must have a "blood relationship" with "the parent whose citizenship the child's own claim is based." 8 FAM 301.4-1(D)(1)(a). Under the FAM, "a woman may establish a biological relationship with her child either by virtue of being the genetic mother . . . or the gestational mother." 8 FAM 301.4-1(D)(1)(c).[2]

Aside from a CRBA, a parent of a child born and residing abroad may also apply for a Certificate of Citizenship from USCIS under section 1433, so long as the child is currently "present in the United States pursuant to a lawful admission." 8 U.S.C. § 1433. USCIS's Policy Manual—which provides guidance on how USCIS interprets relevant INA citizenship provisions—states that section 1433 provides naturalized citizenship to a "genetic, legitimated, or adopted child" born and residing abroad if certain conditions are met. USCIS Policy Manual, Vol. 12, Part H, Ch. 5. Similar to the DOS FAM, the Policy Manual clarifies that a child "born abroad through [ART]" may also "be eligible for

---

[2] The FAM was amended on July 8, 2014, and thus the current version of the FAM available online is distinct from the version in effect when Plaintiffs' applied for a CRBA for L. However, the FAM provisions relevant here—*e.g.*, those addressing the biological relationship requirement—were not subject to any material modification, thus the Court may refer to the current version of the FAM.

naturalization under [section 1433] based on a relationship with his or her U.S. citizen gestational mother," so long as the gestational mother is "the child's legal parent at the time of the child's birth." *Id.*

Plaintiffs Laura Fielden and Maria Calle Suarez sought to establish that their daughter, L., was a U.S. citizen pursuant to section 1401(g), and subsequently sought naturalized citizenship for L. under section 1433(a). Fielden, a U.S. citizen, is married to Calle, a Spanish citizen, and both reside in Spain with their two children (including L.). Calle is the genetic and gestational mother of L. *See* Pls.' Statement of Facts ¶¶ 1, 6, 8, 12. Although Fielden is a legal parent of L., she is not biologically related to L. *See id.* ¶¶ 12, 14. Plaintiffs sought documentation to establish that L. is a U.S. citizen, first applying for a CRBA from DOS (relying upon section 1401(g)), and later applying for a Certificate of Citizenship from USCIS (relying upon section 1433(a)). *See id.* ¶¶ 19, 30. DOS and USCIS rejected these applications, each concluding that L. failed to establish a biological relationship with a U.S. citizen parent, and thus she did not qualify for citizenship under the provision at issue. *See* MSJ, Exs. 14, 16, 18, 20. Contrary to Plaintiffs' assertion, neither agency indicated that L. was not a U.S. citizen due to the nature of her parents' marriage.

Plaintiffs brought suit, asserting three principal claims against DOS and USCIS: (i) that Defendants acted contrary to law (in particular, sections 1401(g) and 1433(a)) in violation of the APA; (ii) that Defendants deprived Fielden of her due process liberty interest in conferring citizenship upon L.; and (iii) that Defendants deprived Plaintiffs of their right to equal protection. Defendants moved to dismiss the Complaint in full, *see* ECF No. 14, and that motion is fully briefed. Plaintiffs now move for partial summary judgment on only their APA claims, stating that the material facts relevant to those claims are not in dispute, and thus if the Court denies "Defendants' motion to dismiss" it may "simultaneously enter[] summary judgment for Plaintiffs on their APA claims." MSJ, at 2. Plaintiffs note that the legal questions relevant to their MSJ "have already been addressed in connection with

Defendants' [MTD]," and thus "[t]o avoid burdening the Court with additional briefing," Plaintiffs incorporated by reference their MTD response and laid out only a summary of their arguments, and otherwise make note of two new district court decisions pertaining to section 1401. Defendants agree that the MSJ does not raise any new factual or legal issues, and thus oppose that motion by setting forth a summary of their primary arguments below and incorporating their MTD memoranda.

## STANDARD OF REVIEW

"Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Durant v. D.C. Gov't*, 875 F.3d 685, 693 (D.C. Cir. 2017) (quoting Fed. R. Civ. P. 56(a)). "That can be the case when, for example, the parties agree about the facts—what happened—and the court accepts [a party's] view of the legal implications of those facts." *Johnson v. Perez*, 823 F.3d 701, 705 (D.C. Cir. 2016).

## ARGUMENT

Plaintiffs are not entitled to relief under the APA because Defendants did not adopt an impermissible construction of either section 1401(g) or section 1433(a). As a threshold matter, the APA does not provide a remedy when there is another "adequate remedy in court." 5 U.S.C. § 704. Here, Congress created a special remedy in 8 U.S.C. § 1503 through which a party who is "denied" a "right or privilege as a national of the United States" on "the ground that [she] is not a national of the United States" may bring an action in district court seeking a "judgment declaring [her] to be" a U.S. citizen. As explained in Defendants' MTD memoranda, Plaintiffs must pursue relief through this statutory scheme, and cannot circumvent it through an APA action. *See* MTD, at 11-13; MTD Reply at 4-8. Indeed, that distinguishes this case from the two new cases cited by Plaintiffs. In those cases, the plaintiffs *did* pursue relief under section 1503, and both courts found that they could not seek relief through the APA. *See Kiviti v. Pompeo*, No. CV TDC-19-2665, 2020 WL 3268221, at *15 (D. Md. June 17, 2020) ("Where the declaratory judgment available under 8 U.S.C. § 1503 will provide the

relief that Plaintiffs seek, they may not use the APA to seek broader injunctions."); *Mize v. Pompeo*, No. 1:19-CV-03331, 2020 WL 5059253, at *17 (N.D. Ga. Aug. 27, 2020) ("8 U.S.C. § 1503 provides an adequate alternative remedy here" and so the court dismissed the APA claim).

Even if Plaintiffs could proceed with their APA claims, they cannot establish that DOS and USCIS improperly interpreted and applied sections 1401(g) and 1433(a). As an initial matter, Plaintiffs do not seriously dispute—neither in their MTD response nor in their MSJ—that U.S. nationality law has long reflected the principle that a child born abroad generally must have a genetic relationship with a U.S. citizen parent to qualify for U.S. citizenship. Indeed, in Plaintiffs' correspondence with USCIS, they expressly stated that they "[did] not deny that '[t]he laws on acquisition of U.S. citizenship through a parent have always contemplated the existence of a blood relationship between child and parent." MSJ, Ex. 22. To the extent possible, the Court should interpret sections 1401(g) and 1433(a) in a manner consistent with this historical principle—the backdrop against which Congress enacted them. *See* MTD Resp., at 13-14. Given that contextual evidence of statutory meaning, DOS and USCIS properly interpreted sections 1401(g) and 1433(a).

*Section 1401(g).*  Section 1401(g) confers citizenship, at birth, on a child born abroad only if, among other things, the child is "*born . . . of* parents one of whom is . . . a citizen of the United States." As Defendants explain in their MTD and MTD Reply, relevant dictionary definitions of each term strongly suggest that a child is "born of" a parent only if she is an immediate biological descendent of the parent. Plaintiffs fail to provide any relevant dictionary definitions of their own, nor can they refer to any language in section 1401(g) that expressly supports their reading: that a child born abroad may qualify for citizenship under this provision if she has only a *legal*, but not a biological, relationship with a U.S. citizen parent. To support their ahistorical reading of section 1401(g), Plaintiffs primarily argue that section 1401(g) does not expressly include a biological relationship requirement. But it does not expressly require only a legal parent-child relationship either. In light of relevant, long-standing

authority and historical practice against which Congress enacted the statute, the statute is most properly read to incorporate a biological relationship requirement. *See* MTD, at 21-22; MTD Reply, at 18. Furthermore, to the extent the Court finds section 1401(g) ambiguous, DOS's historical interpretation of the provision is, at minimum, entitled to *Skidmore* deference. *See* MTD, at 17-18. Sound policy reasons support DOS's view of the statute.  Notably, DOS has concluded that a biological-relationship requirement in section 1401(g) is important to prevent citizenship-fraud, and the Court should defer to DOS's policy judgment, and thus defer to DOS's reading of section 1401(g). *See id.* Plaintiffs do not dispute that Fielden has no biological relationship with L., and so DOS properly denied Plaintiffs' CRBA application on this basis.

<u>*Section 1433(a).*</u> Section 1433(a) allows a U.S. citizen parent to seek naturalization for a "child" born abroad. The INA defines "child" to include, with certain exceptions, "a child legitimated" and "a child adopted in the United States" if "the child is in the legal custody of the legitimating or adopting parent or parents at the time of such legitimation or adoption." 8 U.S.C. § 1101(c)(1). USCIS has interpreted this language to mean that unless a child born abroad is adopted, she must be biologically related to a U.S. citizen parent to be a "child" under section 1101(c).[3] This is consistent with how the Board of Immigration Appeals ("BIA") has interpreted this language, and precedential BIA decisions—like those relevant here—are entitled to *Chevron* deference. *See* MTD, at 19-20. To support their reading of section 1433(a), Plaintiffs again contend that section 1433(a) does not explicitly include a biological relationship requirement. But like section 1401(g), section 1433(a) does not explicitly require only a legal parent-child relationship either. Plaintiffs provide no other support for their reading—and certainly no reason why the Court should defer to their reading—and thus the

---

[3] In their MSJ, Plaintiffs appear to argue that, in denying Plaintiffs' application for a Certificate of Citizenship, USCIS relied upon its Policy Manual, rather than upon section 1433(a). *See* MSJ, at 11-12. But USCIS's Policy Manual reflects USCIS's interpretation of section 1433(a). Thus, USCIS necessarily concluded that L. did not meet the requirements for U.S. citizenship under section 1433(a).

Court should conclude that USCIS adopted a permissible reading of section 1433(a). Plaintiffs do not allege that Fielden either adopted or is biologically related to L., and so USCIS properly denied Plaintiffs' application for a Certificate of Citizenship for L.

Finally, as Defendants explained in their MTD, there are other avenues through which Plaintiffs may secure U.S. citizenship for L. even if sections 1401(g) and 1433(a) are unavailable to her. L. may apply for lawful permanent resident ("LPR") status by virtue of her relationship to Fielden. *See* MTD, at 21; MTD Repl, at 18. Calle is also entitled to LPR status by virtue of her relationship to Fielden, and she may become a U.S. citizen after residing in the United States as an LPR for three years. At that point, if she resides in the United States in Calle's custody, L. would automatically acquire U.S. citizenship through Calle. *See* MTD, at 22. Accordingly, denying Plaintiffs' MSJ, and granting Defendants' MTD, will not preclude L. from becoming a U.S. citizen.[4]

## CONCLUSION

The Court should deny Plaintiffs' Motion for Summary Judgment, and grant Defendants' Motion to Dismiss.

---

[4] Plaintiffs also renew their request for the administrative record. However, as Defendants explained in their MTD Reply, Defendants were not obligated to produce the administrative record concurrently with their MTD. *See* MTD Reply, at 25. Additionally, it is unclear why Plaintiffs are still seeking the administrative record given that they have already moved for summary judgment.

Dated: October 8, 2020                          Respectfully submitted,

                                                JEFFREY BOSSERT CLARK
                                                Acting Assistant Attorney General

                                                ANTHONY COPPOLINO
                                                Deputy Branch Director

                                                /s/ Kuntal Cholera
                                                KUNTAL CHOLERA
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L, NW Washington, DC 20005
                                                Tel.: (202) 305-8645
                                                Fax: (202) 616-8470
                                                Email: kuntal.cholera@usdoj.gov